# In re SIMON II LITIGATION

Nos. 00–CV–5332, 98–CV–0675, 98–CV–1492, 98–CV–3287, 99–CV–1988, 99–CV–6142, 00–CV–2340, 00–CV–4442, 02–CV–0599, 02–cv–4632.

United States District Court,
E.D. New York.

June 10, 2002.

Weitz & Luxenberg, New York City, By Perry Weitz, Robert J. Gordon, Jerry Kristal, Richard L. Akel, Lieff, Cabraser, Heimann, & Bernstein, New York City, By Steven E. Fineman, Thomas M. Sobol, Lieff, Cabraser, Heimann, & Bernstein, San Francisco, CA, By Elizabeth J. Cabraser, Richard M. Heimann, Robert J. Nelson, Sporwood Wilner Maciejewski & Matthews, P.A., Jacksonville, FL, By Norwood Wilner, Wait, Chesley, Waite, Schneider, Bayless & Chesley, Cincinnati, OH, By Stanley Chesley, Brown Rudnick Freed & Gesmer, Boston, MA, By Gregory T. Carnold, Wayne F. Dennison, Sheller Ludwig & Badley, Philadelphia, PA, By Charles Mangan, for Plaintiff in Simon I & Simon II.

Law Offices of Peter G. Angelos, P.C., Baltimore, MD, By Joshua Kassner, John Angelos, O'Donoghue & O'Donoghue, Washington, D.C., for Plaintiff National Asbestos.

Milberg Weiss Bershad Hynes & Lerach, New York City, By Melvyn I. Weiss, Beth A. Kaswan, Michael C. Spencer, for Plaintiff Bergeron.

Dewey Ballantine LLP, New York City, By Paul J. Bschorr, Vincent R. FitzPatrick, Jr., Michael Hefter, Heather K. McDevitt, Dewey Ballantine LLP, Washington, DC, By Martha J. Talley, for Plaintiffs Blue Cross, et al.

The Cuneo Law Group, Washington, D.C., By Jonathon W. Cuneo, Hutton & Hutton, Wichita, KS, By Mark B. Hutton, Derek S. Casey, Chan P. Townsley, Richardson & Ward, Tulsa, OK, By Gary Richardson, for Plaintiff Mason, et al.

Orrick, Herrington & Sutcliffe, LLP, New York City, By Peter A. Bicks, James L. Stengel, Thompson, McNaboe, Ashley & Bull, LLC, P.A., Portland, MA, By Thomas R. McNaboe, Kazan, McClain, Edises, Simon & Abrams, Steven Kazan, Oakland, CA, for Plaintiff Raymark.

Sedgwick, Detert, Moran & Arnold, Esq., New York City, By Kevin J. Dunne, Eric M. Kraus, Kirkland & Ellis, New York City, By Marjorie P. Lindblom, David Bernick, Andrew R. McGaan, Deirdre A. Fox, Goodwin, Proctor & Hoar, LLP, Boston, MA, By U. Gwyn Williams, for Defendant Brown & Williamson.

Jones, Day, Reavis & Pogue, New York City, By Harold Keith Gordon, Byron G. Stier, George Kostolampros, Jones, Day, Reavis & Pogue, Cleveland, OH, By Theodore M. Grossman, Hugh R. Witing, Mark A. Belasic, Jones, Day, Reavis & Pogue, Washington, D.C., By Robert H. Klonoff, Jones, Day, Reavis & Pogue, Dallas, TX, By Jerome R. Doak, Margaret I. Lyle, Womble Carlyle Sandridge & Rice, Winston–Salem, NC, By Ursula M. Henninger, Esq., for Defendant R.J. Reynolds.

Greenberg Traurig, LLP, New York City, By Alan Mansfield, Robert J. Kirshenberg, Stephen L. Saxl, Shook, Hardy & Bacon, LLP, Kansas City, MO., By William L. Allinder, Lori Connors McGroder, for Defendant Lorillard Tobacco.

Simpson Thacher & Bartlett, New York City, By Michael V. Corrigan, Joseph M. McLauglin, Ronald M. Neuman, Adam I. Stein, for Defendant BAT Industries, p.l.c.

Chadbourne & Parke, LLP, New York City, By Donald J. Strauber, David A. Wallace, Daniel Endick, for Defendant BATCO.

Arnold & Porter, Washington, DC, By Peter Bleakley, Murray R. Garnick, David S. Eggert, Eric Suter, Dechert Price & Rhoads, New York City, By Peter L. Critchell, Collier, Shannon, Rill & Scott, Washington, DC, By John B. Williams, Thomas W. Mitchell, Goodwin, Proctor & Hoar, Boston, MA, By Kenneth J. Parsigian, Paul E. Namser, for Defendant Philip Morris.

Debevoise & Plimpton, New York City, By Anne E. Cohen, Harry Zirlin, Steven S. Michaels, for Defendant Council for Tobacco Research USA, Inc.

Davis & Gilbert LLP, New York City, By Bruce J. Ginsberg, for Defendant Hill & Knowlton.

Seward & Kissel LLP, New York City, By Jacob Horowitz, for Defendant Tobacco Institute.

Jacob Medinger & Finnegan, New York City, By Bryan A. McKenna, for Defendant Smokeless Tobacco.

Skadden Arps Slate Meagher & Flom, New York City, By Arthur H. Aizley, Eric S. Sarner, for Defendant U.S. Tobacco.

Kasowtiz Benson Torres & Friedman, New York City, By Leonard A. Feiwus, for Defendant Liggett.

*MEMORANDUM AND ORDER*

WEINSTEIN, Senior Judge.

Upon review of the transcript and submissions by the parties to date, the court believes a continuing dialogue among counsel and court is desirable. Set out below are some matters that may warrant discussion when next we meet.

### I.

Should a new subclass be created in Simon II, the individual plaintiff class litigation? The proposed class in Simon I was 20 pack-year smokers. The proposed class in Simon II, as apparently stated in the plaintiff's last submission, consists of subclass (A) of 20 pack-year smokers diagnosed with lung cancer, and subclass (B) of persons who smoked

and were diagnosed with various other serious diseases.

These present proposed subclasses do not appear to comprise the entire universe of persons who may have been injured by smoking. A person who is not diagnosed with one of the specified diseases will not be in either subclass. If this litigation is intended to cover the "universe" of punitive damages, could it potentially foreclose relief to these persons while they are unrepresented? A third subclass may therefore be necessary covering all others injured. In the Blue Cross trial, statisticians appeared to have partially addressed this issue in terms of extra costs of treating diseases not directly caused by smoking. If a third subclass is necessary, who should represent it? How could counsel be chosen?

In any event, if the nature of disease divides the subclasses, why is the twenty pack division critical? How would any changes in subclassing affect the statute of limitations?

The division among subclasses may well depend upon what statisticians can tell us. Can they compute damages more appropriately on the basis of any other subclassing criteria?

## II.

Simon II is apparently intended to cover punitive damages. Yet, if a jury finds compensatory liability only under section 349 or RICO, there will apparently be no punitive damages allowed on these theories. This may make the jury determination of compensatory liability (and on what theory) a crucial decision on punitive damages.

The potential for a jury decision excluding all punitives on the ground that the compensatory jury decision precludes them would seem to be a boon for defendants. Yet, the possibility that no punitive damages will be allowed may lead plaintiffs to opt-out of both the compensatory and punitive (assuming opt-out is permitted) aspects of the case in large numbers. This may be beneficial to neither party, since plaintiffs have an interest in maximizing recovery, while defendants have an interest in obtaining finality of as comprehensive a universe as is possible.

Is one way of avoiding this problem to bifurcate the trial? The jury could first decide the issue of liability. If no liability were found under a theory which allowed punitives, should the punitive aspects of the action then be dismissed as moot? While this approach may seem unfair to defendants, a benefit is that they would have excluded the possibility of compensation (with fewer opt-outs) and thus limited potential punitive damages by blocking a future compensation claim by all those who did not opt-out.

Would this approach make it more useful to provide for separating the actions for punitive and for compensatory damages? They could then be consolidated for a bifurcated trial. Could this approach make an opt-out compensatory class and a non-opt out punitive class more appropriate?

## III

Defendants have filed a brief apparently opposing severance of Mason from Simon II. Would they also oppose severance plus transfer to Washington, D.C.? No decision on transfer has been made.

## IV

While notification to the proposed class (assuming certification) should probably await a decision on a certification interlocutory appeal, what is the method that plaintiffs propose to use in notifying? How would the procedure be structured to receive input from members of the class and to facilitate communication of members of the class with counsel or the court?

How would plaintiffs plan to proceed with trial? What would be their theories—legal and factual, expert witnesses, including statisticians, and the like?

These practical aspects of the proposed class action may be relevant in deciding on certification.

## V

Are there other relevant issues that have not yet been raised by the parties or the court?

SO ORDERED.